United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Elizabeth K. Richert, Appellant, | ) | |
| | ) | |
| v. | ) | Bankruptcy Appeal |
| | ) | Case No. 23-20779-Civ-Scola |
| Kathleen White Murphy, and | ) | |
| Thomas White, Appellees. | ) | |

### Order Denying Renewed Motion to Stay Pending Appeal

This matter is before the Court on the renewed emergency motion to stay pending appeal filed by Appellant Elizabeth K. Richert. (Renewed Mot., ECF No. 11.) The Court previously denied the Appellant's motion to stay without prejudice due to the motion's many deficiencies and failures to abide by the Southern District of Florida Local Rules. (Order, ECF No. 10.) Having reviewed the motion, the record, and the relevant legal authorities, the Court now **denies** the renewed motion because it once again fails to comply with the Local Rules, fails comply with the Court's order, and fails to provide sufficient substantive support to stay the underlying bankruptcy proceedings. (**ECF No. 11**.)

The Court denied the Appellant's original motion for failure to comply with Local Rules 7.1(a)(2), 7.1(a)(3), and 7.1(d)(1), as well as CM/ECF Administrative Procedures Section 3I(6). (Order). The Appellant failed to provide a proposed order (S.D. Fla. L.R. 7.1(a)(2); CM/ECF Admin. P. 3I(6), failed to provide a date by which a ruling was needed and why (S.D. Fla. L.R. 7.1(d)(1)), and failed to provide a certificate of conferral detailing how the Appellant conferred with counsel for the parties and non-parties that may have been affected by the relief requested, along with those parties' and non-parties' position on the relief requested. (S.D. Fla. L.R. 7.1(a)(3)). Now, the Appellant renews her motion, but still fails to comply with the majority of the rules the Court identified in its prior order.[1]

---

[1] Although the Court did not address this issue in its prior Order, both the original motion and the renewed motion fail to comply with the Local Rules' requirements on the length and typographical formatting of motions. S.D. Fla. L.R. 5.1(a)(4), 7.1(c)(1). The original motion, including memorandum of law, was 25 pages long, and the renewed motion is 27 pages. The Local Rules limit the page length of motions to 20 pages. S.D. Fla. L.R. 7.1(c)(1). And both the original and the renewed motion include multiple sections of single-spaced body text, when the Local Rules require that typewritten documents use no less than 1 1/2 spacing. (S.D. Fla. L.R. 5.1(a)(4). This is yet another reason the Court may deny the motion.

Once again, the Appellant fails to provide a date by which she believes a ruling on the "emergency motion" is necessary. S.D. Fla. L.R. 7.1(d)(1).[2] The Appellant provides several upcoming hearing dates in the underlying bankruptcy action as justification for why the motion is an emergency, but never actually states which of those upcoming hearings before which the motion would need to be ruled on. (Renewed Mot. at 1.)

Further, the Appellant fails to provide any details regarding her claimed efforts at conferral. Her conferral statement is limited to the following: "I hereby certify that Debtor and Debtor's co-counsel reached out in a good faith effort to resolve the issue(s) on appeal by agreement, prior to re-filing this Motion, and were unable to do so." (Renewed Mot. at 25.) This conferral statement is inadequate for multiple reasons. First, it fails to state to whom the Debtor's counsel "reached out" to confer. Without explicit identification of the parties (and non-parties) with whom the moving party conferred, the Court may not be able to determine if the movant actually conferred with "**all** parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." (S.D. Fla. L.R. 7.1(a)(3) (emphasis added). Second, the conferral statement fails to identify what "reasonable efforts" the Appellant's counsel made in her attempt to confer, and even fails to state without support that the Appellant's counsel made "reasonable efforts" to confer at all. *Id.* As the Court identified in its prior order, and as the Local Rule makes clear,

> Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

*Id.* Accordingly, the Court denies the Appellant's motion for its repeated failure to abide by the plain requirements of the Local Rules and the Court's prior order. *See Aguilar v. United Floor Crew, Inc.* </i>, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014) (Bloom, J.). ("The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion.")

---

[2] The Court also observes that the renewed motion fails to provide a certification of true emergency, as required by Local Rule 7.1(d)(1).

Finally, the Court also observes that the motion fails to establish why filing the motion to stay in the Bankruptcy Court would be "impracticable," as required by the Bankruptcy Rules of Procedure. Fed. R. Bankr. P. 8007(b)(2)(A). In support of her motion, the Appellant offers eighteen pages of "factual" support relating to the underlying bankruptcy proceedings that largely deals with allegations of misbehavior by the Appellant's former attorney, the United States Trustee, and creditors in front of the Bankruptcy Court. (Renewed Mot. ¶¶ 6-24.) And the Appellant states that the Bankruptcy Court has at times ruled against her on various motions. (*Id.* ¶¶ 1-3, 13, 18, 19.) While the Appellant does not expressly state this, it appears that the Appellant filed her motion in the District Court because she believed that the Bankruptcy Court would not rule in her favor. (*Id.* at 1 ("Pursuant to Rule 8007(b)(2)(A), Fed. R. Bankr. P., Debtor has filed this Motion in the District Court because the Factual and Procedural Background in this case, *infra*, renders filing this motion in the bankruptcy court impracticable.").)

This does not constitute a valid reason to file a motion to stay pending a bankruptcy appeal in the District Court, however. The Court lacks jurisdiction to hear the Appellant's motion to stay unless the motion has been filed with and denied by the Bankruptcy Court, or the Appellant demonstrates that filing the motion with the Bankruptcy Court would be "impracticable." *Bank of Am., N.A. v. Arregoces*, No. 17-60786-CIV, 2017 WL 7788356, at *3 (S.D. Fla. June 16, 2017) (Bloom, J.) (citing Fed. R. Bankr. P. 8007(b)(2)(A) and *In re Howes*, CV ELH-16-00840, 2016 WL 4944983, *3 (D. Md. Sept. 15, 2016)). Crucially, "[a] party's failure to submit a motion to stay to a bankruptcy court in the first instance because of prior adverse rulings is not a sufficient showing of impracticability." *Id.* at *2. Here, the Appellant does not state the motion has been filed in and denied by the Bankruptcy Court. (*See generally* Renewed Motion.) And the Appellant makes no showing that "a bankruptcy judge was unavailable, or that, to be effective, relief must be immediate." *Arregoces*, 2017 WL 7788356, at *2. Therefore, the Appellant has failed to establish that filing her motion to stay in the Bankruptcy Court would be impracticable, and her motion must be denied. Fed. R. Bankr. P. 8007(b)(2)(A).

For the reasons stated above, the Court **denies** the Appellant's renewed emergency motion to stay pending appeal. (**ECF No. 11**.)

**Done and ordered** in Miami, Florida, on April 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge