United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re: | |
| Elizabeth K. Richert, Debtor. | Civil Action No. 23-20779-Civ-Scola |
| Elizabeth K. Richert, Appellant, | |
| v. | |
| Kathleen White Murphy, and Thomas White, Appellees. | Bankruptcy Case No. 22-16713-RAM |

**Order Denying Motion for Rehearing**

This matter is before the Court on the renewed motion for rehearing filed by the Appellant (and Debtor below), Elizabeth K. Richert. (Mot., ECF No. 46.) After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Appellant's renewed motion for rehearing. (**ECF No. 46**.)

**1. Background**

On July 11, 2023, the Court issued an opinion and order in this bankruptcy appeal, largely affirming the bankruptcy court's orders on appeal, or otherwise finding that it lacked jurisdiction to hear the matters on appeal. (Op. & Order, ECF No. 38.) The Court affirmed the following of the bankruptcy court's orders: the Order Granting Motion to Convert Case to Chapter 7 Order Granting Motion to Convert Case to Chapter 7 (Bk. ECF No. 188);[1] the Order Denying Motion for Reconsideration (Bk. ECF No. 222); the Order Denying Motion for Reconversion to Chapter 13 (Bk. ECF No. 239); and the Order Overruling, Without Prejudice, Debtors' Amended Objection to Claim (Bk. ECF No. 242). In sum, the Court affirmed the bankruptcy court's decision to involuntarily convert the Appellant's bankruptcy case from Chapter 13 to Chapter 7 and its subsequent decisions to deny reconsideration and reconversion. (Op. & Order at 8-12.) The Court found that it lacked jurisdiction to address the Appellant's arguments about the untimeliness of Claims 3 and 4 in the bankruptcy because the notices of appeal did not include an appeal of any orders relating to those claims; rather, the Appellant appealed an order reserving ruling on Claim 4, and then failed to raise any arguments relating to that order in her initial brief on

---

[1] The Court identifies the bankruptcy court orders using their docket entry numbers from the bankruptcy court's docket, as "Bk. ECF No."

appeal. (*Id.* at 13-14.) The Court also affirmed the bankruptcy court's order reserving ruling on Claim 5 pending the Appellant's appeal of an underlying case in Illinois federal court (*id.* at 14-15) and dismissed her appeals of the remaining orders because she either failed to make any arguments relating to those orders in her initial brief or did not timely file a notice of appeal. (*Id.* at 15-16.)

Now, the Appellant seeks a rehearing, arguing that "the Court made various statements [in its Opinion and Order] regarding both the Illinois litigation and the bankruptcy litigation, which are incorrect." (Mot. ¶ 3.) First, the Appellant argues that the Court incorrectly addressed the impact of the Illinois court's decision on a piece of real property in Illinois that was in dispute in that litigation and in the bankruptcy (the "Buffalo Grove Property"). (*Id.* ¶¶ 4-11.) Next, she asserts that her arguments about the untimeliness of Claim 4 were made in support of her appeal of the order reserving ruling on Claim 4. (*Id.* ¶¶ 12-17.) The Appellant then takes issue with several of the Court's statements about the record on appeal in the Opinion and Order. (*Id.* ¶¶ 18-23.) Finally, the Appellant argues that the Court should not have based part of its decision in the Opinion and Order on the Illinois court's decision because that decision was "unlawful, erroneous, [and] defamatory." (*Id.* ¶¶ 24-28.)

### 2. Legal Standards

A motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 is reviewed under the same standard as a motion to reconsider. *Tucker v. Mukamal*, No. 13-MC-23425, 2015 WL 10986356, at *1 (S.D. Fla. Feb. 11, 2015) (Marra, J.), *aff'd*, 616 F. App'x 969 (11th Cir. 2015). In addressing a motion to reconsider a prior decision, two opposing policies must be balanced: on the one hand, the desirability of finality, and on the other, the public interest in reaching the right result. *Civil Aero. Bd. v. Delta Air Lines, Inc.*, 367 U.S. 316, 321 (1961). To balance these competing principles, courts generally permit reconsideration where there is newly discovered evidence, a manifest error of law or fact, or where justice so requires. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). A motion for reconsideration is not appropriately used as a vehicle to "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of [the order]." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1222–23 (N.D. Ga. 2012).

### 3. Analysis

The Plaintiff's motion for rehearing wrongly attempts to relitigate the Court's decision in its order and opinion. *Michael Linet*, 408 F.3d at 763. Each of

the issues that the Appellant raises in her motion for rehearing are issues that she either previously raised in her Initial Brief (ECF No. 21) and which the Court previously rejected, or are arguments that she could have raised in her Initial Brief, but did not.

The Court begins by observing that the Appellant's motion is primarily based on attempt to split the Illinois court's decision in two different pieces: she seeks to have the Court reject that portion of the decision that she finds objectionable, while upholding what she (incorrectly) views the determination of the Illinois Court to be with regards to the status of the Buffalo Grove Property.[2] On the one hand, the Appellant argues that the "Appellees have taken every opportunity to quote from the Illinois court's 86 page, unlawful, erroneous, defamatory *Memorandum Opinion and Order*, attempting to disparage [the] Appellant before this Court and the bankruptcy court." (Mot. ¶ 25 (emphasis in original).) On the other hand, the Appellant demands that the Court give "res judicata effect" to the Illinois court's order which, she asserts, "was conclusive as to every matter which was offered and received by Creditors No. 5 [the Appellees here and the plaintiffs in the Illinois court litigation] regarding any claim to the Illinois property, *and* was conclusive as to **every other matter which might have been litigated and determined in that action**." (*Id.* ¶ 10 (emphasis added).)

So which is it? Does the Appellant desire that the Court throw out the Illinois court's (exhaustive and thoroughly reasoned) opinion as "unlawful, erroneous, [and] defamatory," or does she want this Court to give conclusive, res judicata effect to "every other matter which might have been litigated and determined in that action"? (*Id.* ¶¶ 10, 25.) The Court clearly cannot do both.

---

[2] A brief recap of the Illinois litigation, and that court's decision, is meaningful at this point to understand the context of the Appellant's arguments and the Court's decision here:

> The Illinois litigation centered around the identification of the authentic trust documents for the Robert Trust [the Appellant's uncle's trust] and the Appellant's actions as the trustee disposing of the trust property . . . . After extensive litigation, the Illinois court concluded at a bench trial that the Appellant breached her fiduciary duty that she owed to Anna White [the Appellant's aunt] as a beneficiary of the Robert Trust . . . . The Illinois court found that the Appellant did so by "failing to administer the authentic version of the Robert Trust according to its terms and failing to distribute to Anna White her share of the trust assets . . . ." The Illinois court ultimately awarded Anna a total of $246,152.76 in damages, including punitive damages for the Appellant's "reprehensible conduct" as Trustee toward Anna, as a beneficiary . . . . The Illinois court did not rule on disposition of the Buffalo Grove Property, however, because it had previously dismissed the claim relating to the property as time-barred.

(Op. & Order at 2-4 (footnotes and record citations omitted).). The Illinois court's May 27, 2021, opinion in the underlying lawsuit was contained in whole in the record on appeal from the bankruptcy court, at Part 10 of the Record, pages 30-115. (ECF No. 23-13.) The Court reviewed the Illinois court's opinion in full as part of its review of the record on appeal.

Rather, the Court could only do what it did in its Opinion and Order: consider the Illinois court's opinion on the matters on which it spoke conclusively and determine whether the bankruptcy court appropriately relied on that order or not. And the Court determined that the bankruptcy court fully and appropriately relied on the Illinois court's factual findings and legal determinations. (Op. & Order at 8-13.) The Appellant's inherently self-contradictory arguments here relating to the Court's review and understanding of the Illinois court's opinion are the same arguments she made both for and against considering the Illinois court's decision in her Initial Brief and which the Court previously rejected. These arguments are therefore not appropriate for consideration on rehearing. *See Michael Linet*, 408 F.3d at 763.[3]

Finally, the Appellant's argument about Claim 4 is also inappropriate on rehearing. The Court previously observed that the arguments the Appellant raised in her initial brief related to an order that she did not list on her notices of appeal, and she made no arguments relating to the order that she actually did appeal. (Op. & Order at 13-14.) The Court therefore properly found that it lacked jurisdiction to address her arguments relating to excusable neglect and Claim 4. It also properly found that she waived her appeal of "the bankruptcy court's Order Reserving Ruling on Objection to Claim No. 4 (Bk. ECF No. 262; R. Part 5 at 156-57, ECF No. 23-7) . . . by failing to raise any arguments relating to that order in her Initial Brief." (*Id.* at 14); *Zarate v. U.S. Atty. Gen.*, 307 F. App'x 289, 290 (11th Cir. 2009) ("If an appellant fails to raise an issue in her initial brief, that issue is considered to be abandoned."). The Appellant raises no arguments that present new evidence or a manifest error or injustice here. *Michael Linet*, 408 F.3d at 763.

### 4. Conclusion

For the reasons set out above, the Court **denies** the Appellant's motion for rehearing. (**ECF No. 46**.)

**Done and ordered** in Miami, Florida, on August 10, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[3] The Court need not address, again, why the Appellant's insistence that the Illinois court's dismissal of a claim based on a statute of limitations defense in no way awarded her ownership of the Buffalo Grove Property, or why a proper reading of the Illinois court's decision demonstrates that, at best, the Appellant only ever held title to the Buffalo Grove Property in her role as trustee, not personally. (Op. & Order at 13.)